UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

ANDREW JAMES SLOVER,                  Case No. 6:22-cv-00922-AA

        Petitioner,                                 OPINION AND ORDER

    v.

JOSHUA HIGHBERGER,

        Respondent.

_____

AIKEN, District Judge.

       Petitioner brings this action pursuant to 28 U.S.C. § 2254 and challenges his state court conviction for felony murder on grounds that his trial counsel provided ineffective assistance. Respondent moves to dismiss the Petition on grounds that petitioner has not yet exhausted available state court remedies. I agree and grant the motion.

## DISCUSSION

       In 2015, after trial by jury, petitioner was convicted of felony Murder. Petitioner attempted to directly appeal his conviction but his appeal was dismissed as untimely. Resp't Motion to

1 - OPINION AND ORDER

Dismiss Att. A. Petitioner then sought post-conviction relief (PCR) and asserted that both trial and appellate counsel provided ineffective assistance in several respects, including appellate counsel's failure to file a timely appeal. *Id.* Att. B. Pursuant to stipulation of the parties, the PCR granted relief on the timeliness claim in the form of a delayed appeal. *Id.* Att. C. The stipulated judgment dismissed petitioner's remaining claims "without prejudice" and specifically provided that petitioner could reassert those claims in a successive PCR proceeding. *Id.*

Petitioner pursued a delayed appeal of his conviction, and the Court of Appeals affirmed in a written opinion and the Oregon Supreme Court denied review. *State v. Slover*, 309 Or. App. 326 (*per curiam*), *rev den*, 368 Or. 561 (2021). Petitioner has not yet filed a successive PCR petition, as the parties' agreement allows him to do. Instead, petitioner sought federal habeas relief in this Court.

"Before seeking a federal writ of habeas corpus, a state prisoner must exhaust available state remedies, thereby giving the State the opportunity to pass upon and correct alleged violations of its prisoners' federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (internal quotation marks and citation omitted); 28 U.S.C. 2254(b). In order to exhaust state court remedies, a petitioner must present federal constitutional claims to the State's highest court before seeking federal habeas relief. *Id.*; *Cooper v. Neven*, 641 F.3d 322, 326 (9th Cir. 2011) ("Exhaustion requires the petitioner to 'fairly present' his claims to the highest court of the state."). A prisoner's failure to raise federal claims before the state court and exhaust state remedies may be excused only if "there is an absence of available State corrective process" or "circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. § 2254(b)(1)(B).

Pursuant to the stipulated judgment entered in petitioner's PCR proceeding, he may bring a second PCR petition and asserts his claims of ineffective assistance of counsel; thus, a State

2 - OPINION AND ORDER

corrective process is available. Petitioner did not respond to the Motion to Dismiss and presents no basis to find that the State's PCR process is ineffective to protect his rights. Accordingly, petitioner's claims are unexhausted and barred from federal review at this time.

## CONCLUSION

Petitioner has not exhausted available state court remedies and respondent's Motion to Dismiss (ECF No. 11) is GRANTED. The Petition for Writ of Habeas Corpus (ECF No. 2) is DISMISSED, without prejudice.

IT IS SO ORDERED.

DATED this  29th  day of November, 2022.

/s/Ann Aiken
ANN AIKEN
United States District Judge

3 - OPINION AND ORDER